```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


LESLIE MERCADO, aka Leslie Ann   )
Reis and Leslie Reis Carrington, )
        Plaintiff,               )
                                 )         Civil Action
        v.                       )         No. 23-11140-PBS
                                 )
DEPARTMENT OF SOCIAL             )
SERVICES, et al.,                )
        Defendants.              )
```

### ORDER

July 26, 2023

SARIS, D.J.

1.  The motion for leave to proceed in forma pauperis (Dkt. No. 2) is **GRANTED**.

2.  Because Mercado is proceeding in forma pauperis, the complaint is subject to screening pursuant to 28 U.S.C. §1915(e). Under that statute, the court must dismiss an action, or any part of it, if it determines that the action is frivolous, malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2)(B).  In conducting this review, the court liberally construes Mercado's complaint because she is self-represented. See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004) (citing Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000)).

3.  Mercado shall, **by August 23, 2023**, file an amended complaint that complies with the basic pleading requirements of the Federal Rules of Civil Procedure. Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). Mercado's Complaint [Dkt. 1] fails to comply with these basic pleading requirements and is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B) for failure to state claim on which relief can be granted.

Mercado filed her complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. Complaint [Dkt. 1].  The form complaint identifies as defendants a social worker and district attorney for the Massachusetts Department of Social Services as well as two individuals identified as foster parents.[1]  Id. at ¶ I (the parties to this complaint). The case caption identifies the Department of Social Services as a

---

[1] Mercado subsequently filed a motion "to change to correct company name" explaining that the former Department of Social Services is now the Department of Children and Families.  [Dkt. No. 4].

2

defendant. Id. The complaint states that the basis for jurisdiction is federal question based on the alleged violation of plaintiff's constitutional rights. Id. at ¶ II (basis for jurisdiction). Specifically, Mercado states that she was subject to abuse in foster homes from 1983-1998. Id. at ¶ III (statement of claim). The damages she suffered are described as "PTSD, depression, Anger, A[n]xiety, lifetime therapy, [and she was suicidal]." Id. at ¶ IV (relief).

Mercado's complaint is not a "plain" statement of her claim. She alleges that she was subjected to assault and abuse while she was a minor and in foster homes from 1983 - 1998. The complaint names several defendants but no factual allegation is directed against any one defendant. The court concludes that the complaint does not satisfy the basic pleading requirements of Rule 8(a)(2).

Mercado's contention that her rights were violated suggests that she may seek to assert a claim under the federal civil rights statute, 42 U.S.C. § 1983.[2] Speaking broadly, § 1983

---

[2] "42 U.S.C. § 1983 ... furnishes a cause of action against any person who, while acting under color of state law, transgresses someone else's constitutional rights." Alfano v. Lynch, 847 F.3d 71, 74 n.1 (1st Cir. 2017) (citing Kalina v. Fletcher, 522 U.S. 118, 123 (1997)). The Due Process Clause of the Fourteenth Amendment bars states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. While the Due Process Clause guarantees fair process, it also "includes a substantive component that provides heightened protection against government

provides a remedy for the violation of federal right by a person acting under the color of state law, but its application is not without limitations.  Private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of § 1983.  González-Maldonado v. MMM Healthcare, Inc., 693 F.3d 244, 247-48 (1st Cir. 2012); American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  "To act under color of state law for [Section] 1983 purposes does not require that the defendant be an officer of the state." Dennis v. Sparks, 449 U.S. 24, 27 (1980).  However, the alleged misconduct resulting in a deprivation of a plaintiff's rights must be fairly attributable to the State.  See Lugar v. Edmondson Oil Co., Inc., 547 U.S. 922, 937 (1982).  Here there are no facts alleged that the named foster parents fall under the "color of state law" within the meaning of § 1983.

As to the defendant social worker and attorney, they are immune from suit for damages in their official capacities and the agency has immunity under the Eleventh Amendment.  Under the Eleventh Amendment, "states are immune . . . from private suit

---

interference with certain fundamental rights and liberty interests." Troxel v. Granville, 530 U.S. 57, 65 (2000). To state a substantive due process claim, a plaintiff must allege: (1) that she has been deprived of "interests encompassed by the Fourteenth Amendment's protection of liberty and property," Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972); and (2) that the deprivation was by some form of state action, Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

4

in federal courts, absent their consent." Greenless v. Almond, 277 F.3d 601, 606 (1st Cir. 2002). That immunity extends to any entity that is an arm of the state. See e.g., McNulty v. Mass. Dept. of Children and Families, No. 11-11569-GAO, 2014 WL 4965403, at * 2 (D. Mass. Sept. 30, 2014) (plaintiff's claims for monetary damages against DCF and its employees in their official capacities fail because neither a state agency nor a state official in his official capacity may be sued for damages in a § 1983 action).

4. Any amended complaint—a new stand-alone document—must set forth plausible claims upon which relief can be granted. The case caption must identify all defendants. Fed. R. Civ. P. 10(a). Any amended complaint should, in numbered paragraphs, focus on the legal claims against each defendant, along with the basis for such claims. Fed. R. Civ. P. 10(b) (the claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Because it promotes clarity, "each claim founded on a separate transaction or occurrence... must be stated in a separate count." Id. As an amended complaint completely replaces the original complaint, see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt., 644 F.3d 5, 9 (1st Cir. 2011), Mercado should include in the amended complaint any allegations in the original complaint that she wishes to be part of the operative complaint. If an

5

amended complaint is filed, it will be subject to screening. Failure to file an amended complaint within twenty-eight days of the date of this order (that is, by August 23, 2023), will result in dismissal of this action.

5. The motions to change/correct company name (Dkt. No. 4), and to submit biography (Dkt. No. 6) are **DENIED WITHOUT PREJUDICE**. If Mercado choses to file an amended complaint, the pleading must include the names of the defendants and may include any relevant biographical information.

6. The motion to submit evidence (Dkt. No. 5) is **DENIED**. It is plaintiff's obligation to write out a complete statement of her claims in her amended complaint. The First Circuit has cautioned that "[o]rdinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein...." Graf v. Hospitality Mut. Ins. Co., 754 F.3d 74, 76 (1st Cir. 2014) (internal citation and quotation marks omitted).

7. The motion to "investigate DCF used [a]lias [f]alse names in medical record" (Dkt. No. 7) is **DENIED**. The Court does not conduct investigations on behalf of a party. To the extent DCF's alleged use of false names in medical records are part of Mercado's claim, she main include relevant allegations in her amended complaint. In addition, should this case proceed to

discovery, Mercado may seek relevant information on this matter through discovery procedures.

SO ORDERED.

                                  /s/ Patti B. Saris
                                  PATTI B. SARIS
                                  UNITED STATES DISTRICT JUDGE