```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS


LESLIE MERCADO, aka Leslie Ann   )
Reis and Leslie Reis Carrington, )
         Plaintiff,              )
                                 )         Civil Action
         v.                      )         No. 23-11140-PBS
                                 )
DEPARTMENT OF SOCIAL             )
SERVICES, et al.,                )
         Defendants.             )
```

## MEMORANDUM AND ORDER

November 15, 2023

SARIS, D.J.

In a prior Order, the Court dismissed the Complaint filed by Plaintiff Leslie Mercado without prejudice and with leave to file an amended complaint. For the reasons set forth below, the Court denies the motion to submit evidence (Dkt. No. 10) and dismisses the Amended Complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

## BACKGROUND

Leslie Mercado, a resident of Boston, brings this action alleging that she was subjected to abuse while a minor in foster care. The defendants named in the original complaint were the Department of Children and Families, a social worker, an attorney and two individuals identified as foster parents. (Dkt. No. 1).

By Order dated July 26, 2023, the Court allowed plaintiff leave to proceed in forma pauperis and found that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state claim upon which relief can be granted. (Dkt. No. 8). Although the complaint named several defendants, the Court recognized that no factual allegations were directed against any one defendant. Id. Additionally, the Court explained that the defendant social worker and attorney are immune from suit for damages in their official capacities; the defendant agency has immunity under the Eleventh Amendment; and that private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of 42 U.S.C. § 1983. Id. Plaintiff was advised that if she wished to proceed with this action, she may file an amended complaint. Id.

The amended complaint was timely filed in accordance with the Court's July 26, 2023 Order. (Dkt. No. 9). Because Mercado is proceeding in forma pauperis, the amended complaint is subject to screening pursuant to 28 U.S.C. § 1915(e) and will be liberally construed because she is self-represented. See Rodi v. Southern New England Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004).

## THE AMENDED COMPLAINT

The Amended Complaint again names the Department of Children and Families ("DCF"), Mercado's former foster mother, a

2

DCF social worker and a DCF attorney, along with 17 additional defendants not previously named in the original complaint. Am. Compl. (Dkt. No. 9). The additional defendants are the Boston Medical Center, Carney Hospital, the Cambridge Health Alliance Somerville Campus, and DotHouse Health (the "medical providers"); the Cambridge Juvenile Court, Judge Tyre and Judge Blitzman (the "judicial defendants"); the Charles H. Taylor School and Charles Hayden Goodwill Inn School (the "educational defendants"); Guy Harold Harris, and Delores Coleman (the "DCF defendants"); Officer Johnson (the "police defendant"); the Commonwealth of Massachusetts; the "Foster Care System," the U.S. Department of Health and Human Services; the Social Security Office; and Mercado's former foster sister. Id. at 1-3.

Plaintiff seeks to impose liability based on causes of action pursuant to 42 U.S.C. § 1983, Title VI of the Civil Rights Act, and 18 U.S.C. §§ 242, 287, 286, 1951, 1031, 1961 and 371. Id. at 20. Specifically, plaintiff lists the alleged violations as follows: (A) the violation of Plaintiff's constitutional rights; (B) negligence and gross negligence; (C) intentional infliction of emotional distress; (D) fraudulent misrepresentation; (E) violation of child benefits and bad placement; (F) violation of right to family unity and reunification; (G) violation of right to proper education; (H)

3

the violation of right to truthful information; (I) violation of right to privacy; (J) violation of right to individual autonomy; (K) violation of right to proper representation in court; (L) violation of right to not be subjected to torture and cruel, inhuman or degrading treatment; (M) violation of right to truthful and accurate records; (N) violation of right to freedom from discrimination; (O) violation of right to adequate medical care; (P) violation of right to freedom of expression; (Q) violation of right to protection from child abuse; (R) violation of right to proper name; (S) violation of right to proper education; (T) violation of right to privacy and confidentiality; and (U) violation of right to individual autonomy and self-determination. Id. at 4-6.

For relief, Mercado seeks unspecified compensatory and punitive damages; injunctive relief to ensure proper care, support, and protection of children in state custody; declaratory relief to establish Mercado's rights and legal status; and an order for the Defendants to provide accurate and truthful records and information. Id. at 7.

## DISCUSSION

As an initial matter, the federal criminal statutes referend in the Amended Complaint do not provide a basis for relief. Generally speaking, there is no federal right to have criminal wrongdoers prosecuted. See Nieves-Ramos v. Gonzalez

4

De-Rodriguez, 737 F. Supp. 727, 728 (D.P.R. 1990) (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)("a private citizen lacks a judicially cognizable interest in the prosecution or non prosecution of another")). The federal criminal statutes referred to in the Amended Complaint do not confer a private right of action. Cent. Bank of Denver v. First Interstate Bank of Denver, 511 U.S. 164, 190 (1994) (refusing to infer a private right of action from a "bare criminal statute"); see e.g. Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam)(stating that only the United States as prosecutor can bring a complaint under 18 U.S.C.§§ 241-242).

To the extent plaintiff asserts that defendants are liable for racketeering, in violation of the Racketeer Influenced and Corrupt Organization ("RICO") Act, plaintiff "must allege '(1) conduct, (2) of an enterprise, (3) through ... a pattern ... of racketeering activity.'" Home Ortho. Corp. v. Rodríguez, 781 F.3d 521, 528 (1st Cir. 2015) (quoting Kenda Corp. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 233 (1st Cir. 2003)). While the Amended Complaint references the RICO statute, it falls short of alleging facts that, if proven, would establish that any defendant engaged in two or more predicate acts of racketeering, conducted by an enterprise, that proximately caused injury to plaintiff's business or property interest.

5

As to Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000D, the Supreme Court has interpreted Section 601 to create a private right of action for intentional discrimination. Alexander v. Sandoval, 532 U.S. 275, 279-80 (2001). However, Mercado has not sufficiently alleged that she was subject to intentional discrimination. Moreover, the Eleventh Amendment generally bars suits against the State, including its departments and agencies, unless the State has waived its immunity or Congress has explicitly overridden it. United States v. Mitchell, 445 U.S. 535, 538 (1980).

As to any civil rights claims Mercado seeks to assert pursuant to 42 U.S.C. § 1983[1], the Amended Complaint contains many of the same pleading deficiencies as the original complaint. Although Mercado again alleges that she was subjected to assault and abuse while she was a minor and in foster, the Amended Complaint fails to direct any specific factual allegations against any one defendant. Mercado's vague and conclusory allegations are insufficient to state a claim. See Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592, 594 (1st Cir. 2011) ("an adequate complaint must include not only a

---

[1] "A claim under section 1983 has two essential elements. First, the challenged conduct must be attributable to a person acting under color of state law" and "second, the conduct must have worked a denial of rights secured by the Constitution or by federal law." Soto v. Flores, 103 F.3d 1056, 1061 (1st Cir. 1997).

6

plausible claim but also a plausible defendant").  Plaintiff makes bald assertions that the Defendants violated her rights under various laws, but apart from these assertions, she does not clearly link specific factual allegations of wrongdoing against each Defendant. Rather, these assertions are generalized and made as part of a general description of her claims.  The claims are primarily asserted collectively against the Defendants, or groups of Defendants, without dates of alleged actions or inactions taken by individual defendants.  Given the absence of any specific facts, and only conclusory allegations, the amended complaint fails to allege a plausible claim for relief.

The Commonwealth, its agencies and  employees sued in their official capacities are immune from suite for damages and that private conduct, no matter how discriminatory or wrongful, is generally beyond the reach of 42 U.S.C. § 1983.  Under the judicial immunity doctrine, the claims against the judicial defendants are not legally cognizable because absolute judicial immunity protects a judge from acts performed within the scope of his or her jurisdiction. <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991) (per curiam ) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damage.").

Finally, Mercado now seeks to bring in this action several different claims against unrelated defendants.  While Rule 18(a)

7

of the Federal Rules of Civil Procedure permits Mercado "to bring multiple claims against a defendant in a single action . . . it does not permit the joinder of unrelated claims against different defendants." Chase v. Chafee, No. 11-586ML, 2011 WL 6826504, at *2 (D.R.I. Dec. 9, 2011), report and recommendation adopted, No. 11-586 ML, 2011 WL 6826629 (D.R.I. Dec. 28, 2011); see Spencer v. Bender, No. 08-11528-RGS, 2010 WL 1740957 at *2 (D. Mass. April 28, 2010) (citing George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007)).

## CONCLUSION

For the forgoing reasons, it is hereby ordered

1.  The motion to submit evidence (Dkt. No. 10) is **DENIED**.

2.  The Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state a claim upon which relief may be granted.  The Clerk shall enter a separate order of dismissal.

SO ORDERED.

/s/ Patti B. Saris
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE